O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HUMBERTO NAVARRO RAMIREZ, | ) | CASE NO. CV 10-04188 RZ |
| Plaintiff, | ) ) | |
| vs. | ) ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) ) | |

This matter returns to the Court after a prior remand. In the prior case, the Court rejected Plaintiff's contentions that substantial evidence did not support the residual functional capacity identified by the Administrative Law Judge, and that the Administrative Law Judge had erred in finding a non-severe mental impairment. [AR 776-779] The Court remanded, however, because of administrative errors in assessing Plaintiff's credibility. [AR 779-82] Upon remand, the Administrative Law Judge gave Plaintiff the opportunity to present further testimony in his behalf, but Plaintiff chose not to do so. [AR 821-22] Thus, in order to carry out this Court's mandate, the Administrative Law Judge had no new testimony to evaluate, and he was to judge Plaintiff's credibility on the basis of Plaintiff's testimony that already was in the record.

The law concerning an Administrative Law Judge's obligations in assessing a claimant's credibility in his testimony as to his pain is well-settled. If a claimant alleges

1  "excess pain" and produces medical evidence of an impairment which reasonably could be
2  expected to produce the pain alleged, then the Administrative Law Judge may reject the
3  claims of pain only if he makes specific findings stating clear and convincing reasons for
4  doing so. *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (*en banc*); *Smolen v. Chater*,
5  80 F.3d 1273 (9th Cir. 1996). The Administrative Law Judge must specifically identify
6  what testimony is credible and what testimony undermines the claimant's complaints.
7  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996); *Dodrill v. Shalala*, 12 F.3d 915, 918
8  (9th Cir. 1993); *Varney v. Secretary of Health and Human Services*, 846 F.2d 581, 584 (9th
9  Cir. 1988). Conservative medical treatment is a factor which the Administrative Law
10 Judge also can consider. *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995). *See also*
11 *Tommasetti v. Astrue,* 553 F.3d 1035, 1039 (9th Cir. 2008); *Parra v. Astrue*, 481 F.3d 742,
12 750-51 (9th Cir. 2007).

   Plaintiff's memorandum to the Court, challenging the Administrative Law Judge's treatment of the one remaining issue that had been remanded, is confusing and perplexing. Plaintiff headlines only one argument, that the Administrative Law Judge did not give clear and convincing reasons for rejecting the testimony of Plaintiff. Then, for six pages, Plaintiff recites the record, untethered to this argument. When Plaintiff does address the argument, he references the Administrative Law Judge's argument with the following commentary:

> On remand to consider the testimony anew, the ALJ stated that Humberto Navarro alleged back pain so severe that he could not do anything but lie down and watch television. AR 749. *There is only one statement that approaches this degree of dysfunction.* That is the report that Mr. Navarro signed five days after his September 2003 surgery. AR 429-431. *Mr. Navarro did not state that he was in that post-surgical mode consistently or for a year.* The person writing the report drifted back and forth

>from the first person to the third person, consistent with the illiteracy in English. No reasonable person would read that statement as pertaining to the entire period before the ALJ or outside the boundaries of five days post-operative.

(Plaintiff's Memorandum in Support of Complaint 14:11-20 (emphasis added).)

What is the Court to make of this? Plaintiff says that he was not as incapacitated as the Administrative Law Judge said Plaintiff had said. Presumably Plaintiff is not saying that he *can* work, although Plaintiff does not refer in his memorandum to any other of his testimony. What then, is the testimony as to which the Administrative Law Judge supposedly did not give clear and convincing reasons for discrediting?

Although Plaintiff's argument is puzzling, the Court must assume that Plaintiff's position is that, in fact, the pain from the back problems is so great that he cannot work. That is the way the Court understood the Administrative Law Judge's characterization of Plaintiff's testimony. And, since Plaintiff then goes on to argue with the reasons that the Administrative Law Judge did announce, the Court will proceed with its assumption.

The Administrative Law Judge gave several reasons for discrediting Plaintiff's testimony. He first stated that certain of Plaintiff's activities — performing light household chores, helping to take care of his children, driving a car, taking care of his personal hygiene, shopping with his wife, and attending church three times a week — were inconsistent with the notion that he could not do anything. The first time around, the Administrative Law Judge gave these reasons as the only reasons for disbelieving Plaintiff, and the Court found that they were insufficient. [AR 781-82] Standing alone, they would be. This time, however, they do not stand alone, and the Administrative Law Judge did not say that, in and of themselves, they showed that Plaintiff could work. Rather, he said that they "detract[ ] from the credibility of his assertion of being unable to do anything." [AR 750] That more nuanced statement is plausible.

1    The Administrative Law Judge gave several additional reasons for discrediting
2  Plaintiff's testimony. He said that Plaintiff would have had muscle atrophy if he was as
3  unable to maneuver as Plaintiff had said, but that such atrophy was not present. While
4  Plaintiff points to medical records indicating some weakness, nevertheless there is
5  substantial evidence supporting this point by the Administrative Law Judge.
6    Third, the Administrative Law Judge found that conservative treatment helped
7  relieve Plaintiff's pain without significant side effects. In response, Plaintiff asserts that
8  surgery cannot be considered conservative treatment, and that one of the doctors
9  characterized him as suffering moderate to severe pain which, under California law, could
10 be incapacitating pain. The Court does not read the Administrative Law Judge as saying,
11 however, that Plaintiff's surgeries were conservative treatment, but rather that residual pain
12 following surgery was treated conservatively and did not prevent Plaintiff from performing
13 work in the sedentary category. That is an appropriate reading of the record.
14   The Administrative Law Judge also said that no physician had found Plaintiff
15 unable to perform work that was not strenuous or physically demanding. [AR 750] While
16 medical evidence alone cannot discredit subjective testimony about pain, neither is it
17 irrelevant, and it can be a factor appropriately considered by an administrative law judge.
18 *Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001).
19   Plaintiff argues for different interpretations of the evidence, but it is the
20 interpretation made by the Administrative Law Judge that is the focus of the inquiry.
21 While there are other possible ways to view the evidence, the Court cannot say that the
22 Administrative Law Judge committed error in his view. *See Rollins v. Massanari*, *supra*,
23 261 F. 3d at 857.
24 ///
25 ///
26 ///
27
28

1  In accordance with the foregoing, the decision of the Commissioner is
2  affirmed.
3  DATED: March 25, 2011

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE